# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998



**FILED**

**October 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9711-CC-00448** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **HARDIN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. C. CREED McGINLEY** |
| **CHARLES DAVID BARRIER,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (DUI - Second Offense) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HARDIN COUNTY

FOR THE APPELLANT:

DANIEL L. SMITH
614 Main Street
Savannah, TN 38372

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

ROBERT RADFORD
District Attorney General

JOHN OVERTON
Assistant District Attorney General
Hardin County Courthouse
Savannah, TN 38372

OPINION FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Defendant was convicted on a jury verdict of driving while under the influence, second offense. In this appeal he argues that the evidence introduced against him is insufficient to support his conviction. We disagree and affirm the judgment of the trial court.

The jury heard testimony from the State's witnesses that the vehicle the Defendant was driving was weaving back and forth from the Defendant's lane of traffic to the turning lane. A police officer who stopped the vehicle said that when the Defendant got out of the vehicle, the officer noticed a strong smell of marijuana, that the Defendant's eyes were swollen and very bloodshot, and that the Defendant smelled of alcohol. The officer testified that the Defendant failed to satisfactorily perform two separate field sobriety tests. The officer stated that he believed the Defendant was under the influence of "something" and that his ability to drive was impaired. Another officer testified that he also smelled marijuana on the Defendant and observed that the Defendant was unsteady on his feet. The officer said that the Defendant stated he had smoked marijuana earlier that day and also had consumed some alcohol earlier that night. This officer also testified that in his opinion the Defendant's ability to drive was impaired. A forensic scientist from the Tennessee Bureau of Investigation testified that tests performed on samples of the Defendant's blood and urine revealed the presence of diazepam, nordiazepam, phentermine, meprobamate, dihydrocodeinone, and marijuana. The forensic scientist testified that the marijuana found in the Defendant's urine would be consistent with the Defendant

having smoked marijuana shortly before the urine sample was taken, although the test was inconclusive on the time the drug was ingested.

The Defendant presented evidence which contradicted the State's proof that his driving ability was impaired due to alcohol or drugs. We believe the testimony presented at trial created a classic jury issue concerning the credibility of the witnesses, the weight and value to be given the evidence, and other factual issues. The jury resolved all of these conflicts in favor of the State.

We conclude that the evidence presented is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. We further conclude that no error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE

-3-